
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM HUBERT LOYD BRANDSTATT, | No. 13-17201 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00434-RRB |
| v. | MEMORANDUM[*] |
| CALIFORNIA SUBSTANCE ABUSE AND TREATMENT FACILITY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, District Judge, Presiding[**]

Submitted October 14, 2014[***]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

William Hubert Loyd Brandstatt, a California state prisoner, appeals pro se

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Ralph R. Beistline, Chief United States District Judge for the District of Alaska, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Brandstatt's action because Brandstatt failed to allege facts sufficient to show that defendants acted with deliberate indifference by failing to provide him with combination drug treatment for his Hepatitis C. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard, and is met only if the prison official "knows of and disregards an excessive risk to inmate health"; to prevail on a claim involving choices between alternative courses of treatment, an inmate must show that the chosen course of treatment was both medically unacceptable and chosen in conscious disregard of an excessive risk to the inmate's health (citation and internal quotation marks omitted)); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) ("[W]e may consider facts contained in

documents attached to the complaint.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-17201

Brandstatt v. California Substance Abuse and Treatment Facility, No. 13-17201

BERZON, Circuit Judge, dissenting:

In my view, dismissal of Brandstatt's claims against defendants Enenmoh, Zamora, and Nyenke was premature at this early stage of the proceedings.